FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAY 30  PM 4: 21

LORETTA G. WHYTE
CLERK

## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY B. JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-5250** |
| **N. BURL CAIN, WARDEN** | **SECTION "F" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons which follow, the Magistrate Judge issues this Report and Recommendation in accordance with the applicable

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No_____

law, hereby recommending that the State's response that petitioner's application is untimely be REJECTED and finding that Jones' federal *habeas corpus* application be deemed timely filed.

It is further recommended, however, that the petition of Larry B. Jones be dismissed for failure to exhaust state court remedies.

## PROCEDURAL HISTORY

Petitioner, Larry B. Jones, is a state prisoner incarcerated in the Louisiana State Penitentiary at Angola, Louisiana, serving a sentence of 49 ½ years at hard labor without benefit of parole, probation or suspension of sentence for two counts of armed robbery.[1] Jones appealed his conviction and sentence to the Louisiana Court of Appeal, Fourth Circuit but his conviction and sentence were affirmed on August 11, 1999.[2] Petitioner filed for a writ of certiorari with the Louisiana Supreme Court with that court subsequently denying writs on March 31, 2000.[3]

On July 2, 2002, Jones filed a request for a writ of mandamus with the Louisiana

---

[1]Jones was convicted in Orleans Parish Criminal District Court after a jury trial on June 24, 1997. *State v. Jones*, Criminal District Court, Parish of Orleans, # 386-0888 Div. E. *See* Transcript of Trial in State Rec. Vol. II. He was sentenced as a multiple offender on September 3, 1997. *See* Transcript of Sentencing in State Rec. Vol. II.

[2]See *State v. Jones*, 744 So.2d 242 (La. App. 4ᵗʰ Cir. 8/11/99)(99-KO-3017) (unpublished decision). A copy of the opinion can be found in State Rec. Vol. I. and Vol. II.

[3]*State v. Jones*, 759 So.2d 69 (La. 2000), a copy of which can be found in State Rec. Vol. I.

Fourth Circuit Court of Appeal, seeking an order that the trial court rule on his post-conviction relief application (PCR), which he alleged he had previously filed in the district court on or around February 13, 2001. On July 11, 2002, the appellate court ordered the trial court to consider Jones' application within 60 days.[4] Subsequently, petitioner filed another request with the appellate court requesting that the trial court be ordered to rule on his PCR application as the district court had yet to issue a ruling.[5] On July 16, 2003, the Louisiana Court of Appeal, Fourth Circuit, issued an Order that the district court comply with petitioner's request within 30 days or notify the appellate court as to the reason for its non-compliance.[6]

Petitioner next sought the same relief from the appellate court on January 3, 2004 but that court denied relief as moot, finding that the district court had already notified petitioner that his PCR application could not be located in the record and requesting that petitioner re-file his application.[7] Petitioner then filed his PCR application with the district court and that court denied relief on July 16, 2004.[8]  A subsequent request for supervisory writs to the

---

[4]*See* State Rec. Vol. I,  *State v. Jones*, 2002-K-1293 (La. App. 4th Cir. 7/11/02).

[5]*See* State Rec. Vol. I, Application filed 6/10/03, #2003-K-1047.

[6]*See* State Rec. Vol. I,  *State v. Jones*, 2003-K-1047 (La. App. 4th Cir. 7/16/03).

[7]*See* State Rec. Vol. I,  *State v. Jones*, 2004-K-0159 (La. App. 4th Cir. 2/17/04).

[8]*See* State Rec. Vol. I,  Trial Court Judgment dated 7/16/04.

Louisiana Court of Appeal, Fourth Circuit filed on August 11, 2004, was denied, that court finding no error in the trial court's judgment on the PCR.[9]   Petitioner then sought a supervisory writ relative to a document request but that request was also denied.[10]

The State, in it response, contends that petitioner failed to pursue further review of his post-conviction claims before the Louisiana Supreme Court. As such, the State claims that petitioner allowed an additional lapse in time of 364 days before he filed his federal habeas application with this court.  Larry Jones, petitioner, traverses the State's response, reporting that he did, in fact, file a writ addressing his post-conviction claims before the Louisiana Supreme Court.

After a full review of the state record, it is evident that petitioner's writ application to the Louisiana Supreme Court is not included therein nor is a copy of any decision reviewing Jones' post-conviction claims included in the record from the Louisiana Supreme Court.  A Westlaw search, however, revealed that Larry Jones did file a writ application with the Louisiana Supreme Court as a decision was rendered by that court on August 19, 2005. *See State ex rel. Jones v. State*, 908 So.2d 676 (La. 8/19/05)(2004-KH-2731).  A staff member of the undersigned Magistrate Judge therefore contacted the Clerk for the Louisiana Supreme Court and was informed that this writ was filed with that court on November 11,

---

[9]*See* State Rec. Vol. I, *State v. Jones*, 2004-K-1393 (La. App. 4th Cir. 9/13/04).

[10]*See* State Rec. Vol. I, *State v. Jones*, 2004-K-1517 (La. App. 4th Cir. 9/28/04).

2004. A copy of the actual writ application was obtained (and is attached to this Report and Recommendation) and the signature date on the application is October 6, 2004. Therefore, the State's assertion that petitioner did not file a writ application with the Louisiana Supreme Court pursuing his post-conviction claims is clearly in error and is rejected by this court.

Petitioner, Larry Jones, filed his federal habeas petition with this court on November 9, 2005, which was post-marked on September 12, 2005. Therein, Jones raises five issues for relief. The State's response, filed on October 24, 2006, argues that petitioner's claims are not subject to federal review as the federal petition is time-barred[11]. Petitioner traversed that response on December 20, 2006.[12]

## TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, Jones' conviction and sentence was no longer subject to review, at the latest, as of June 29, 2000, ninety days after the Louisiana Supreme Court denied his request

---

[11]Fed.. Rec. Doc. 15.

[12]Fed. Rec. Doc. 18.

5

for a writ of certiorari.[13]  Thus, Jones' one year federal limitation period commenced to run on June 30, 2000 and expired on June 30, 2001.

Petitioner did not file the instant action until September 12, 2005, [14] more than four years after his federal limitation period was due to expire. Thus, petitioner's challenge to his June 24, 1997 state court conviction must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As previously explained, Jones filed an application for post-conviction relief in the state district court on February 12, 2001, thus allowing a lapse of **226** days (from June 30,

---

[13]*See Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), *cert. denied,* 529 U.S. 1099 (2000); U.S. S. Ct. Rule 13(1).

[14]This September 12, 2005, filing date was ascertained via the Court's use of the "mailbox rule."  Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire,* 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing.  *See Colarte v. Leblanc,* 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain,* 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State,* 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

2000 through February 11, 2001). The application ceased to be "pending" before the state courts as of the date when the Louisiana Fourth Circuit denied supervisory writs on September 13, 2004. According to the State, petitioner did not seek further review of the denial of his post-conviction application with the Louisiana Supreme Court. Thus, according to the State, Jones' state PCR ceased to be pending as of September 13, 2004 and petitioner waited until September 12, 2005 to file his federal habeas petition with this court, allowing an additional lapse of 364 days.

However, as previously discussed, the State's contention that Jones failed to file for supervisory writs with the Louisiana Supreme Court with regard to his post-conviction claims, is erroneous. Jones did timely file a request for review with the Louisiana Supreme Court on October 6, 2004.[15] Thus his state post-conviction application remained pending until the Louisiana Supreme Court rendered a decision in the matter on August 19, 2005. Jones then allowed a lapse of only **23** additional days before he filed his federal habeas application for a total lapse of **249** days (226 + 23= 249 days). Therefore, Jones' federal habeas petition is timely filed with this court.

_____

[15]In the absence of information regarding the date when petitioner's state writ application was tendered to prison authorities for filing with the Louisiana Supreme Court, the court considers the signature date on the application to be the filing date. Moreover, pursuant to *Causey v. Cain*, 450 F3d 601 (5th Cir. 2006), the state court pleading filed by *pro se* petitioner is deemed "filed" for purposes of calculating federal limitations when it is delivered to prison authorities for forwarding to the district court.

## EXHAUSTION

The court has, *sua sponte*, reviewed the state record and the pleadings filed by petitioner to determine whether Jones has exhausted his state court remedies.  It is well established that a petitioner must exhaust his available state court remedies before proceeding to federal court for *habeas* relief.  Title 28, United States Code, Section 2254(b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner.  *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).  The Supreme Court has long held that a state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.  *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991), citing *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886).  The exhaustion requirement  is grounded in principles of comity; i.e., in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.  *Id.*

A review of the record before this court reveals that petitioner Jones has failed to exhaust all of his claims in the state courts.  In writ number 1999-KO-3017, Jones raised two issues on direct appeal for which he sought certiorari review from the Louisiana

8

Supreme Court: insufficient evidence and excessive sentence.[16] In his second filing before the highest state court, Jones brought two other claims: ineffective assistance of counsel and a conflict of interest which arose with counsel during post-conviction proceedings. Specifically with regard to the ineffective assistance of counsel claim, petitioner complained that his trial attorney failed to investigate his case, failed to pursue pre-trial motions, was unprepared during cross-examination and in any attempted impeachment of the State's witnesses, failed to investigate photos which were identified at trial by a State witness, and failed to investigate an alibi defense.[17]

By comparison to these two filings, Jones raises the following claims in his federal habeas petition: 1) ineffective assistance for failure to investigate and obtain evidence during discovery, failure to obtain the pre-trial transcript, failure to interview alibi witnesses, failure to timely object to the admission of evidence, specifically photographs; and failure to raise a *Batson* claim; 2) conflict of interest/jeopardized defense where counsel's "competence" gave way when he had difficulty receiving payment for retainer fees from the Jones' family[18]; 3) the trial court lacked jurisdiction to impose a multiple offender sentence as the

---

[16]See State Rec. Vol. I for a copy of the direct appeal application.

[17]The second filing is the writ application attached to this Report and Recommendation, which the court obtained from the Louisiana Supreme Court.

[18]Jones lists an additional 12 "sub-issues" under the heading of conflict of interest. See pages 17-19 of Rec. Doc. 1, Federal Petition.)

defense counsel failed to notice that the prosecutor was allegedly named as the habitual offender; 4) denied due process and equal protection when the trial court refused to suppress the identification; and, 5) insufficient evidence to prove armed robbery.

Based upon this court's review of Jones' state petitions to the Louisiana Supreme Court and of the federal petition before this court, it is evident that Jones has failed to exhaust his state court remedies with regard to the issues he seeks to adjudicate in his federal petition. Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the State's response that petitioner's application is untimely be REJECTED and that Jones' federal *habeas corpus* application be deemed timely filed.

**IT IS FURTHER RECOMMENDED** that petitioner, Larry B. Jones' federal petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.[19]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[19] Jones retains the option of abandoning his unexhausted claims and proceeding only on the habeas claims that are exhausted. If he chooses this option, he should so notify the court within the ten day period provided for filing objections to the Magistrate Judge's Report and Recommendation.

10

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  30th day of May, 2007.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

11